AFFELD GRIVAKES ZUCKER LLP
Peter Shimamoto (State Bar No. 123422)
  ps@agzlaw.com
Victoria E. Niewrzol (State Bar No. 282889)
  vn@agzlaw.com
2049 Century Park East, Suite 2460
Los Angeles, California 90067
Telephone: (310) 979-8700
Facsimile:   (310) 979-8701

Attorneys for Plaintiff
WILDFIREWEB, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| WILDFIREWEB, INC., a Delaware corporation,<br><br>  Plaintiff,<br><br>  vs.<br><br>TINDER, INC., a Delaware corporation, and IAC/INTERACTIVE CORP,, a Delaware Corporation, and DOES 1-5,<br><br>  Defendants. | Case No. 2:15-CV-945<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

418597.1

COMPLAINT

Plaintiff WildFireWeb, Inc. ("Plaintiff") alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff is a California based web design company with customers across the country. Since at least as early as February 2010, Plaintiff has used the mark TINDER in connection with its content management system. Plaintiff selected TINDER because it reflects the fire-based theme of Plaintiff's business (WildFireWeb). Plaintiff's TINDER logo is in lower case letters in the colors of a flame (red, orange and yellow), with the image of a flame in place of the dot above the "i":



2. Plaintiff obtained a federal trademark registration for TINDER in July 2011.

3. On information and belief, Defendants began using the name "TINDER" in connection with a dating app in or around August 2012. Defendants are not only using the identical name as Plaintiff, they are also using a design that is confusingly similar to Plaintiff's. Defendants' "TINDER" logo is in lower case orange letters, in a font similar to Plaintiff's, and with a flame in place of the dot above the "i":

4. As a result of Defendants' infringement of Plaintiff's mark, Plaintiff has encountered numerous instances of actual confusion, in which individuals have indicated they believe Plaintiff is associated with Defendants' dating app.

5. Plaintiff has been irreparably harmed by Defendants' wrongful actions, and has been forced to file this action to vindicate its rights and protect its Mark.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338 in that a claim asserted herein arises under the Lanham Act, 15

U.S.C. §1121 *et seq*.

7. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), as a substantial part of the events or omissions giving rise to the claims asserted herein occurred within this district. In addition, upon information and belief, Defendant Tinder, Inc.'s headquarters are located in this district, and both defendants transact business in this district.

## THE PARTIES

8. Plaintiff is a Delaware corporation with its principal place of business in Sonoma County, California.

9. Upon information and belief, defendant Tinder, Inc. is a Delaware corporation with its headquarters in Los Angeles County, California. Upon information and belief, Tinder, Inc. transacts business in this district.

10. Upon information and belief, defendant IAC/InteractiveCorp ("IAC") is a Delaware corporation that transacts business in Los Angeles County, California. Upon information and belief, IAC is the majority owner of Tinder, Inc.

11. Plaintiff is ignorant of the true names and capacities of defendants sued as DOES 1-5, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff is informed and believes, and on the basis alleges, that at all times mentioned in this Complaint, DOES 1-5 were the agents and employees of their co-defendants or otherwise responsible for the conduct complained of herein, and in doing the things alleged in this Complaint were acting within the course and scope of that agency and employment or were otherwise responsible for the damages complained of by Plaintiff. Plaintiff will amend this Complaint to allege the true names and capacities when ascertained.

## FACTS

**Plaintiff's Priority of Use of The Mark TINDER in Commerce**

12. Plaintiff is a California based company which provides, among other things, website design, hosting, programming, application development, scripting,

1 software engineering and development, search engine optimization, social media
2 integration, social media application development and publishing, marketing,
3 support and website maintenance for small and medium sized business, non-profits,
4 schools and school districts.

5     13.    Plaintiff has customers nationally and internationally.

6     14.    Plaintiff uses the mark TINDER in connection with Plaintiff's content
7 management system.  Plaintiff chose "TINDER" because it reflects the "fire" theme
8 of Plaintiff's company, WildFireWeb® Inc.  Plaintiff's TINDER service allows
9 website owners to, among other things, edit text, pictures and graphics, upload and
10 link to files, manage calendars and blogs, create and manage forms, add and remove
11 pages, and reorder and rename navigation links, using any standard web browser.
12 Plaintiff's TINDER service also allows website visitors to, among other things,
13 subscribe to be notified when content on a website or web page is modified, to
14 contact website and web page owners by sending email via forms which are
15 controlled by the website or web page owner, post comments to a website or web
16 page, and subscribe to receive alerts such as school emergencies via SMS and email.
17 In addition, Plaintiff's TINDER service allows one or more central servers to
18 broadcast information to portions of an owner's website; for example a school
19 district has the ability to broadcast one or more messages to particular pages or
20 sections of all the school websites in its district. Those messages can be in many
21 forms, including emergency alerts, announcements, updates, RSS feeds,
22 advertisements, or any other content that can be displayed on a website.

23     15.    Plaintiff has been using TINDER in commerce since at least as early as
24 February 2010.  Plaintiff's Mark uses lower case letters which appear in red, orange
25 and yellow (*i.e.*, colors that appear in a flame), with the symbol of a flame replacing
26 the dot above the "i":



418597.1

-3-
COMPLAINT

16. Plaintiff's TINDER mark was registered by the United States Patent and Trademark Office on July 19, 2011, Registration Number 3,998,405.

**Defendants' Unauthorized Use of Plaintiff's Mark**

17. On information and belief, Defendants launched a dating service app under the name "TINDER" in or about August 2012. Defendants' app is downloaded on users' mobile devices. The app communicates with an online Facebook application and with a Web Services API (Application Program Interface) to a tinder.com or other web server to perform various functions of the app. The app uses information from the customers' Facebook profiles and finds potentially compatible matches. Users can identify certain criteria for potential matches, such as gender, age range and geographic location. The app then identifies potential matches. The user sees the potential match's photos and a brief profile. If the user is not interested, he or she swipes the screen to the left and nothing further occurs. If the user is interested, he or she swipes to the right. If the potential match is also interested, the app allows the users to communicate with each other.

18. Defendants not only use the same name as Plaintiff ("TINDER"), but also use a design that is confusingly similar to Plaintiff's design. As with Plaintiff's logo, Defendants' TINDER uses lower case letters in a font that is similar to Plaintiff's, in the color orange, and with a flame replacing the dot above the "i":



19. On information and belief, an application to register "TINDER" in Classes 9 and 42 was filed with the Patent and Trademark Office in August 2012. On information and belief, the PTO issued a certificate of registration for "TINDER" in Class 9, Registration Number 4,479,131. On information and belief, the PTO has not issued a certificate of registration to either of the Defendants for "TINDER" in Class 42.

20. Since its inception, Defendants' business has been controversial. It has

been referred to as a "hookup" or "casual sex" service. In addition, it was discovered in 2013 that a flaw in the app made it possible to identify users' geographic location to within approximately 100 feet. Moreover, in July 2014, a former female Tinder executive filed a lawsuit against Defendants, asserting claims of sexual harassment and discrimination. The lawsuit settled shortly thereafter. As a result, Tinder's CEO was demoted and its chief marketing officer resigned.

**Actual Confusion Caused by Defendants' Infringement**

21. Defendants' use of Plaintiff's mark has caused actual confusion. For example, in October 2014, Plaintiff was giving a presentation to a potential investor. When the investor saw Plaintiff's TINDER mark, he expressed confusion as to whether Plaintiff was affiliated with Defendants' dating service.

22. In addition, many comments have been posted on Plaintiff's "Tinder" Facebook page indicating that the posters believed Plaintiff's Facebook page was associated with Defendants' dating app.

23. Moreover, in January 2015, an employee of one of Plaintiff's longstanding high school district customers saw Plaintiff's TINDER mark on his school's website and stated that he did not think his school should be associated with Defendants' dating app, as its "reputation is debatable."

**CLAIMS FOR RELIEF**

**First Claim for Relief**

**(Against all Defendants; Trademark Infringement, 15 U.S.C. § 1114(1))**

24. Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 23 above as though set forth in full herein.

25. Plaintiff is the owner of the word mark TINDER ("Word Mark"). Plaintiff's Word Mark is federally registered, Registration No. 3,998,405.

26. Plaintiff's Word Mark is a valid and protectable trademark.

27. Plaintiff has not authorized any of the Defendants to use the Word Mark.

28. Defendants' use of TINDER has caused, and is likely to cause, forward and/or reverse confusion, mistake and/or deception among consumers as to the source, origin, sponsorship, affiliation or approval of Plaintiff's and/or Defendants' goods and services.

29. Defendants are directly, contributorily and/or vicariously liable for trademark infringement by virtue of the above.

30. Plaintiff has been irreparably harmed by Defendants' use of TINDER.

31. Plaintiff has been damaged as a proximate result of Defendants' infringement.

32. Plaintiff is informed and believes, and thereon alleges, that unless restrained by the Court, Defendants will continue to infringe Plaintiff's mark, thus engendering a multiplicity of judicial proceedings, and pecuniary compensation will not afford Plaintiff adequate relief for the damage to its trademark in the public perception.  Further, Plaintiff is informed and believes, and thereon alleges that, in the absence of injunctive relief, the public is likely to continue to be mistaken or deceived as to the true source, origin, sponsorship, affiliation or approval of Plaintiff's and/or Defendants' goods and services.

33. Plaintiff is informed and believes, and thereon alleges that Defendants' acts were committed, and continue to be committed, with actual notice of Plaintiff's rights and with an intent to cause confusion, to cause mistake and/or to deceive, and to cause injury to the reputation and goodwill associated with Plaintiff.  Pursuant to 15 U.S.C. § 1117, Plaintiff is therefore entitled to recover three times its actual damages or three times Defendants' profits, whichever is greater, together with Plaintiff's attorneys' fees.  In addition, pursuant to 15 U.S.C. § 1118, Plaintiff is entitled to an order requiring destruction of all infringing products and promotional materials in Defendants' possession.

## Second Claim for Relief

**(Against all Defendants; False Designation of Origin, 15 U.S.C. § 1125(a))**

34. Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 33 above as though set forth in full herein.

35. Plaintiff is the owner of the Design Mark ("Design Mark"):

*tinder*

36. Plaintiff's Design Mark is a valid and protectable trademark.

37. Plaintiff has not authorized any of the Defendants to use the Design Mark.

38. Defendants have used the confusingly similar design mark:

*tinder*

39. Defendants' use of the infringing design mark has caused, and is likely to cause forward and/or reverse confusion, mistake and/or deception among consumers as to the source, origin, sponsorship, affiliation or approval of Plaintiff's and/or Defendants' goods and services.

40. Defendants are directly, contributorily and/or vicariously liable for trademark infringement by virtue of the above.

41. Plaintiff has been irreparably harmed by Defendants' use of the infringing mark.

42. Plaintiff has been damaged as a proximate result of Defendants' infringement.

43. Plaintiff is informed and believes, and thereon alleges, that unless restrained by the Court, Defendants will continue to infringe Plaintiff's Design Mark, thus engendering a multiplicity of judicial proceedings, and pecuniary compensation will not afford Plaintiff adequate relief for the damage to its trademark in the public perception. Further, Plaintiff is informed and believes, and thereon alleges that, in the absence of injunctive relief, the public is likely to

continue to be mistaken or deceived as to the true source, origin, sponsorship, affiliation or approval of Plaintiff's and/or Defendants' goods and services.

44. Plaintiff is informed and believes, and thereon alleges that Defendants' acts were committed, and continue to be committed, with actual notice of Plaintiff's rights and with an intent to cause confusion, to cause mistake and/or to deceive, and to cause injury to the reputation and goodwill associated with Plaintiff. Pursuant to 15 U.S.C. § 1117, Plaintiff is therefore entitled to recover three times its actual damages or three times Defendants' profits, whichever is greater, together with Plaintiff's attorneys' fees. In addition, pursuant to 15 U.S.C. § 1118, Plaintiff is entitled to an order requiring destruction of all infringing products and promotional materials in Defendants' possession.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For a preliminary and permanent injunction enjoining and restraining Defendants, their agents, employees, representatives, partners, joint venturers and/or anyone acting on behalf of, or in concert with, Defendants, or any of them, from importing, shipping, delivering, selling, marketing, displaying, advertising, or promoting products or services in connection with the mark TINDER or any confusingly similar trademark.

2. For an order requiring the destruction of all Defendants' infringing goods and all marketing, advertising or promotional materials depicting the TINDER trademark or any confusingly similar mark.

3. For an accounting of all profits obtained by Defendants from sales of infringing goods and services and an order that Defendants shall hold all such profits in a constructive trust for the benefit of Plaintiff;

4. For an award to Plaintiff of damages, according to proof, of all profits earned by Defendants from the sale of goods or services under the TINDER trademark;

5. For restitution to Plaintiff of all property and revenue obtained by Defendants through their acts of unfair competition;

6. For an Order directing the United States Patent and Trademark Office to cancel Defendants' Registration Number 4,479,131 for "TINDER" in Class 9, and deny Defendants' application, Serial No. 85,693,373 to register "TINDER" in Class 42;

7. For compensatory damages in an amount according to proof;

8. For prejudgment interest on all damages awarded by this Court;

9. For attorney's fees;

10. For costs of suit incurred herein; and

11. For such other and further relief as the Court may deem just and proper.

Dated: February 10, 2015

AFFELD GRIVAKES ZUCKER
Peter Shimamoto
Victoria Niewrzol

By     /s/ Peter Shimamoto
       Peter Shimamoto

Attorneys for Plaintiff
WILDFIREWEB, INC.

418597.1

-9-
COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial pursuant to Rule 38(a) of the Federal Rules of Civil Procedure on all matters triable by a jury.

Dated: February 10, 2015

AFFELD GRIVAKES ZUCKER
Peter Shimamoto
Victoria Niewrzol

By  /s/ Peter Shimamoto
　　　Peter Shimamoto

Attorneys for Plaintiff
WILDFIREWEB, INC.

418597.1

-10-
COMPLAINT