QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Bruce E. Van Dalsem (Bar No. 124128)
  brucevandalsem@quinnemanuel.com
  Daniel C. Posner (Bar No. 232009)
  danposner@quinnemanuel.com
  Ryan Q. Keech (Bar No. 280306)
  ryankeech@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:    (213) 443-3100

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Robert L. Raskopf (*pro hac vice pending*)
  robertraskopf@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York  10010-1601
Telephone:   (212) 849-7000
Facsimile:    (212) 849-7100

Attorneys for TINDER, INC. and IAC/INTERACTIVECORP

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| WILDFIREWEB, INC., a Delaware corporation,<br><br>           Plaintiff,<br><br>     vs.<br><br>TINDER, INC., a Delaware corporation; IAC/INTERACTIVECORP, a Delaware corporation; and DOES 1-5,<br><br>           Defendants. | CASE NO. 2:15-CV-945-MMM (AGRx)<br><br>**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF WILDFIREWEB, INC.'S COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>Assigned to: Hon. Margaret M. Morrow<br><br>Filing Date:  Feb. 10, 2015<br>Trial Date:    None Set |

Defendants Tinder, Inc. ("Tinder") and IAC/InterActiveCorp ("IAC") (collectively, "Defendants"), through their counsel, answer the Complaint of plaintiff WildFireWeb, Inc. ("Plaintiff"), as follows. Unless specifically admitted herein, Defendants deny each of the allegations of Plaintiff's Complaint.

1. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 1 of the Complaint, and therefore deny same.

2. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 2 or the Complaint, and therefore deny same.

3. Defendants admit that they began using the name "Tinder" in connection with an app by no later than August 2012, and that the "Tinder" design is as follows:

tinder

Defendants deny the remaining allegations in Paragraph 3 of the Complaint, and further deny the implication that Tinder's mark appears the same as or is confusingly similar to Plaintiff's alleged mark in the marketplace.

4. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 4 of the Complaint, and therefore deny same, and further deny that Defendants have infringed Plaintiff's alleged mark.

5. Defendants deny the allegations in Paragraph 5 of the Complaint, and further deny that they have engaged in any wrongful or unlawful conduct with respect to Plaintiff's alleged trademark rights.

6. Defendants admit that Plaintiff is attempting to assert a claim under the Lanham Act, 15 U.S.C. § 1121, et seq., and that the Court has subject-matter jurisdiction over this action.

7. Defendants admit that Tinder's principal place of business is located in, and that venue is proper in, this judicial district.

8. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 8 of the Complaint, and therefore deny same.

9. Defendants admit that Tinder is a Delaware corporation with its principal place of business in West Hollywood, California, and that Tinder transacts business in this judicial district.

10. Defendants admit that IAC is a Delaware corporation with its principal place of business in New York, New York, and that it is the majority owner of Tinder.

11. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 11 of the Complaint, and therefore deny same.

12. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 12 of the Complaint, and therefore deny same.

13. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 13 of the Complaint, and therefore deny same.

14. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 14 of the Complaint, and therefore deny same.

15. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 15 of the Complaint, and therefore deny same.

16. Defendants admit that on-line records of the U.S. Patent and Trademark Office indicate that a registration for a "Tinder" mark was issued to Plaintiff on July 19, 2011, as Registration Number 3,998,405.

17. Defendants admit that the allegations in Paragraph 17 of the Complaint contain a generally accurate description of the functionality of the Tinder app.

18. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegation in Paragraph 18 of the Complaint relating to Plaintiff's alleged use of the name "Tinder" or a design. Defendants deny the remaining allegations in Paragraph 18 of the Complaint, and further deny the implication that Tinder's mark appears the same as or is confusingly similar to Plaintiff's alleged mark in the marketplace.

19. Defendants admit the allegations in Paragraph 19 of the Complaint.

20. Defendants admit that in July 2014, a female former Tinder employee filed a lawsuit against Tinder alleging sexual harassment and discrimination, and that this lawsuit was resolved in 2014 without any finding of liability. Defendants deny the remaining allegations in Paragraph 20 of the Complaint.

21. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 21 of the Complaint, and therefore deny same. Defendants further deny the implication that Tinder's mark appears the same as or is confusingly similar to Plaintiff's alleged mark in the marketplace.

22. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 22 of the Complaint, and therefore deny same. Defendants further deny the implication that Tinder's mark appears the same as or is confusingly similar to Plaintiff's alleged mark in the marketplace.

23. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 23 of the Complaint, and

therefore deny same. Defendants further deny the implication that Tinder's mark appears the same as or is confusingly similar to Plaintiff's alleged mark in the marketplace.

### CLAIMS FOR RELIEF
### First Claim for Relief
### (Against all Defendants; Trademark Infringement, 15 U.S.C. § 1114(1))

24. Defendants incorporate by reference their responses in each and every paragraph of this Answer with the same force and effect as if fully set forth herein.

25. Defendants admit that on-line records of the U.S. Patent and Trademark Office indicate that a registration for a "Tinder" mark was issued to Plaintiff on July 19, 2011, as Registration Number 3,998,405. Except as so admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 25 of the Complaint, and therefore deny same.

26. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 26 of the Complaint, and therefore deny same.

27. Defendants admit that Plaintiff has not authorized Defendants to use Plaintiff's alleged mark, but deny any such use or that any such authorization is necessary. Defendants further deny the implication that Tinder's mark appears the same as or is confusingly similar to Plaintiff's alleged mark in the marketplace.

28. Defendants deny the allegations in Paragraph 28 of the Complaint.

29. Defendants deny the allegations in Paragraph 29 of the Complaint.

30. Defendants deny the allegations in Paragraph 30 of the Complaint.

31. Defendants deny the allegations in Paragraph 31 of the Complaint.

32. Defendants deny the allegations in Paragraph 32 of the Complaint.

33. Defendants deny the allegations in Paragraph 33 of the Complaint.

### Second Claim for Relief
### (Against all Defendants; False Designation of Origin, 15 U.S.C. § 1125(a))

34. Defendants incorporate by reference their responses in each and every paragraph of this Answer with the same force and effect as if fully set forth herein.

35. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 35 of the Complaint, and therefore deny same.

36. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 36 of the Complaint, and therefore deny same.

37. Defendants admit that Plaintiff has not authorized Defendants to use Plaintiff's alleged design mark, but deny any such use or that any such authorization is necessary. Defendants further deny the implication that Tinder's mark appears the same as or is confusingly similar to Plaintiff's alleged mark in the marketplace.

38. Defendants admit that they have used a design as depicted in Paragraph 38 of the Complaint, but deny that it is confusingly similar to Plaintiff's alleged design mark in the marketplace.

39. Defendants deny the allegations in Paragraph 39 of the Complaint.

40. Defendants deny the allegations in Paragraph 40 of the Complaint.

41. Defendants deny the allegations in Paragraph 41 of the Complaint.

42. Defendants deny the allegations in Paragraph 42 of the Complaint.

43. Defendants deny the allegations in Paragraph 43 of the Complaint.

44. Defendants deny the allegations in Paragraph 44 of the Complaint.

## PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any relief from Defendants.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses as to each claim alleged in the Complaint, without assuming the burden of proof on such defenses that would

otherwise fall on Plaintiff.  Defendants reserve the right to supplement and/or amend these defenses, including to assert new defenses, as discovery is conducted.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

45. The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Lack of Ownership of Valid Trademark Rights)

46. Plaintiff's claims fail because Plaintiff does not own valid rights in the alleged trademarks.

### THIRD AFFIRMATIVE DEFENSE
### (Non-Infringement)

47. Defendants have not infringed any applicable trademarks under federal or state law.

### FOURTH AFFIRMATIVE DEFENSE
### (Good Faith Reliance on Counsel)

48. The claims made in the Complaint are barred, in whole or in part, by Defendants' good faith reliance on the advice of counsel.

### FIFTH AFFIRMATIVE DEFENSE
### (No Willful Conduct)

49. Plaintiff's claims for enhanced damages and an award of attorneys' fees and costs against Defendants have no basis in fact or law and should be denied.

### SIXTH AFFIRMATIVE DEFENSE
### (No Damage)

50. Without admitting that the Complaint states a claim, there has been no damage in any amount, manner or at all by reason of any act alleged against Defendants in the Complaint, and the relief prayed for in the Complaint therefore cannot be granted.

### SEVENTH AFFIRMATIVE DEFENSE
### (Lack of Irreparable Harm)

51. Plaintiff's claims for injunctive relief are barred because Plaintiff cannot show that it will suffer any irreparable harm from Defendants' alleged actions.

### EIGHTH AFFIRMATIVE DEFENSE
### (Adequacy of Remedy at Law)

52. The alleged injury suffered by Plaintiff, if any, would be adequately compensated by monetary relief. Accordingly, Plaintiff has a complete and adequate remedy at law and is not entitled to seek equitable relief.

### NINTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

53. The claims made in the Complaint are barred, in whole or in part, because of a failure to mitigate damages, if such damages exist.

### TENTH AFFIRMATIVE DEFENSE
### (Waiver, Acquiescence, Estoppel)

54. Each of the purported claims set forth in this Complaint is barred by the doctrines of waiver, acquiescence, and estoppel.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Laches)

55. Plaintiff's claims are barred in whole or in part by laches, in that Plaintiff has unreasonably delayed to enforce its rights, if any, despite its full awareness of Tinder's alleged actions.

### TWELFTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

56. Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Third Party Use)

57. The claims made in the Complaint are barred, in whole or in part, by reason of other parties' use of any marks at issue.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Good Faith Adoption and Use of Mark)

58. The claims made in the Complaint are barred, in whole or in part, by Defendants' good faith adoption of and use of the Tinder mark.

## ADDITIONAL DEFENSES

59. Defendants reserve the right to assert additional defenses.

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff takes nothing by way of its Complaint;

2. That the Complaint, and each of its claims for relief, be dismissed with prejudice;

3. That Defendants be awarded their costs of suit incurred herein, including attorneys' fees and expenses; and

4. For such other and further relief as the Court deems just and proper.

DATED: March 5, 2015        QUINN EMANUEL URQUHART & SULLIVAN, LLP


By  /s/ Daniel C. Posner
   Daniel C. Posner
   Attorneys for Tinder, Inc. and
   IAC/InterActiveCorp

# DEMAND FOR JURY TRIAL

Defendants demand a jury trial pursuant to Rule 38(a) of the Federal Rules of Civil Procedure on all matters triable by a jury.

DATED: March 5, 2015

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Daniel C. Posner
Daniel C. Posner
Attorneys for Tinder, Inc. and
IAC/InterActiveCorp